SAHAR JALOUDI042852008
233 Broadway, Suite 2348
New York , NY 10279
(212) 226-2275

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| REMI JALOUDI and SAHAR JALOUDI, <br><br> Plaintiffs, <br><br> -against- <br><br> CITY OF PASSAIC; OFFICER MARK KOVAR of the PASSAIC POLICE DEPARTMENT, Individually and in his official capacity; BROWNSTONE HOUSE INC. d/b/a THE BROWNSTONE; BROWNSTONE GOURMET FOODS LLC d/b/a/ THE BROWNSTONE; BROWNSTONE CORPORATE CATERING LLC d/b/a THE BROWNSTONE, <br><br> Defendants. | 21-CV-2821 <br><br> **COMPLAINT** <br><br> JURY TRIAL DEMANDED |

Plaintiffs REMI JALOUDI and SAHAR JALOUDI by their attorney CHRISTOPHER H. FITZGERALD, complaining of the defendants, respectfully alleges the following:

### I.   PRELIMINARY STATEMENT

1. Plaintiffs REMI JALOUDI and SAHAR JALOUDI ("Plaintiffs"), bring this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil rights, as said rights are secured by the Constitutions of the State of New Jersey and the United States.

2. Plaintiffs also brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to the statutory and common law of the State of New Jersey

for false arrest, excessive force, malicious prosecution, assault and battery, negligence, negligent hiring, training, and supervision; and for violations of the Civil Rights Act of New Jersey; and violation of § 2A:22A-4 of New Jersey Revised Statutes, "the Dram Shop Act"; and statutory and common law of the State of New Jersey for negligent security.

## II.     JURISDICTION

3. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(3) and (4) and the aforementioned statutory and constitutional provisions.

4. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gives rise to the federally based claims and causes of action.

## III.     VENUE

5. Venue is proper for the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§ 1391(a), (b), and (c) and §1402(b), where the plaintiff resides and the defendants CITY OF PASSAIC, maintains its relevant places of business, and where the majority of the actions complained of herein occurred.

## IV.     JURY DEMAND

6. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## V. THE PARTIES

7. That at all times hereinafter mentioned, the defendant, CITY OF PASSAIC, New Jersey, was and is a municipal corporation, duly organized and existing under by virtue of the laws of the State of New Jersey.

8. The CITY OF PASSAIC is authorized to maintain a police department, which acts as its law enforcement agent and for which it is ultimately responsible. The CITY OF PASSAIC assumes the risks incidental to the maintenance of its police force and is charged with enforcement of all state and municipal law within the municipality and the employment of its police officers.

9. That at all times hereinafter mentioned, the individually named defendants, POLICE OFFICER MARK KOVAR ("KOVAR") was or still is employed by the CITY OF PASSAIC POLICE DEPARTMENT.

10. That prior to the institution of this action, a Notice of Claim was duly served upon and filed with the CITY OF PASSAIC, NEW JERSEY, within the time required by New Jersey Tort Claims Act, N.J.S.A., 59:1-1 et seq.

11. That at all times hereinafter mentioned, the defendant MARK KOVAR was acting within the scope and course of his employment with the CITY OF PASSAIC Police Department, and under color of state law.

12. That at all times hereinafter mentioned, all of the actions of the individual defendants alleged herein were done within the scope and course of their employment with the CITY OF PASSAIC Police Department.

13. That at all times hereinafter mentioned, the defendants, BROWNSTONE HOUSE INC. d/b/a The Brownstone; BROWNSTONE GOURMET FOODS LLC d/b/a/ The Brownstone; BROWNSTONE CORPORATE CATERING LIMITED LIABILITY COMPANY d/b/a The Brownstone, New Jersey, were private limited liability corporations, duly organized and existing under by virtue of the laws of the State of New Jersey.

14. That all of the causes of action pleaded herein fall within one or more of the exceptions set forth in the New Jersey Tort Claims Act with respect to joint and several liability.

## VI. STATEMENT OF FACTS

15. On February 17, 2019 at approximately 3:45pm, Plaintiffs REMI JALOUDI and SAHAR JALOUDI were lawfully inside The Brownstone, located at 351 West Broadway, Paterson, New Jersey 07522.

16. Plaintiff REMI JALOUDI was attending the birthday party for his one year old son hosted by his ex-wife.

17. Plaintiff SAHAR JALOUDI, mother of Plaintiff REMI JALOUDI attended the party along with a small group of family members.

18. On this date and time, Plaintiff SAHAR JALOUDI and REMI JALOUID were verbally and physically assaulted by members of the ex-wife's family.

19. Following efforts to diffuse the conflict and aid his mother, Plaintiff REMI JALOUDI placed under arrest and physically detained by Defendant, off duty CITY OF PASSAIC Police Officer MARK KOVAR.

20. OFFICER KOVAR placed Plaintiff REMI JALOUDI in a chokehold and stated, in sum and substance, "I'm a police officer, you're under arrest."

21. Upon information and belief, defendant KOVAR arrived at the scene of the altercation from an adjacent bar at THE BROWNSTOWN under the influence of alcohol such that there was a noticeable alcohol odor.

22. Under information and belief, defendant KOVAR's restraint of Plaintiff REMI JALOUDI permitted an ongoing battery of the Plaintiff by those in the party attacking him denying him the ability to protect his face and body.

23. Defendant KOVAR behaved in a negligent, reckless, and objectively unreasonable manner.

24. The Brownstone behaved in a negligent, reckless, and objectively unreasonable manner through the service of alcoholic beverages to Officer KOVAR.

25. The Brownstone behaved in a negligent, reckless, and objectively unreasonable manner by not providing security at their premises.

26. Under information and belief, staff of The Brownstone did not seek immediate police intervention in spite of repeated pleas for help from the Plaintiffs.

27. There was no evidence that Plaintiffs had committed any crime, much less anything requiring the amount of force used to arrest him.

28. Plaintiffs continue to suffer from the painful, permanent, debilitating injuries and psychological trauma caused on February 17, 2019.

**FIRST CLAIM FOR RELIEF:**
**NEGLIGENCE UNDER STATE LAW**

29. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

30. Defendants owed a duty of care to plaintiff as a member of the general public who had not committed any crime.

31. Defendants breached their duty in the negligent use of police authority and force.

32. Defendants negligently caused emotional distress, psychological harm, physical injuries, and damage to plaintiff.

33. The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws an Constitution of the state of New Jersey.

34. As a result of the foregoing, plaintiff was caused to suffer physical, psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

**SECOND CLAIM FOR RELIEF:
NEGLIGENT HIRING, RETENTION AND/OR SUPERVISION
UNDER STATE LAW AS AGAINST CITY OF PASSAIC**

35. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

36. THE CITY OF PASSAIC and its police department have a duty to use reasonable care in the employment, training and supervision of its employees.

37. This includes a duty to investigate and find out whether employees are competent to do work without danger of harm to others.

38. THE CITY OF PASSAIC knew or should have known that Defendant KOVAR was incompetent, had vicious propensity, and/or have a bad disposition.

39. THE CITY OF PASSAIC could have easily anticipated the incident of police brutality of February 17, 2019 perpetrated against Plaintiff.

40. THE CITY OF PASSAIC failed to adequately investigate and correct Defendant KOVAR's disposition and propensity.

41. Further, the CITY OF PASSAIC either fails to train its police officers in the proper use of chokeholds like the one inflicted upon the Plaintiff or condones the officers' behavior when they knowingly ignore this training. The violations of Plaintiff's constitutional rights and the reckless and/or negligent behavior of the officers were the proximate cause of Plaintiff's injuries.

42. Because of this history, the incident of February 17, 2019 was a foreseeable consequence of CITY OF PASSAIC's failure to adequately train, reprimand, or re-assign Defendant KOVAR.

43. Because of CITY OF PASSAIC's failure to take appropriate action, plaintiff has suffered the injuries claimed herein.

### THIRD CLAIM FOR RELIEF:
### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

44. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

45. At the time of plaintiff's arrest, there was no credible evidence that plaintiff had committed a crime.

46. All of the aforementioned acts of the Defendant CITY OF PASSAIC and the individual defendants and their agents, servants, and employees, were carried out under the color of state law.

47. All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eight, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

48. The acts complained of were carried out by the aforementioned individual defendants, in particular KOVAR, in his capacity as police officer, with all of the actual and/or apparent authority attendant thereto.

49. The acts complained of were carried out by the aforementioned individual defendant in his capacity as a police officer, pursuant to their customs, usages, practices, procedures, and the rules of the CITY OF PASSAIC, New Jersey and the CITY OF PASSAIC Police Department, all under supervision of said department.

50. The individual defendants, and defendant CITY OF PASSAIC, collectively and individually, while acting under color of state law, engaged in Constitutionally violative conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

51. As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer physical, psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of liberty, and damage to his reputation and his standing within his community.

**FOURTH CLAIM FOR RELIEF:**
**FALSE ARREST UNDER 42 U.S.C. §1983 and**
**UNDER NEW JERSEY STATE LAW**

52. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

53. Plaintiff was arrested in the absence of probable cause, at the direction of, or under practices, policies or customs promulgated by the PASSAIC POLICE DEPARTMENT and CITY OF PASSAIC.

54. As a result of the aforesaid conduct by defendants KOVAR the plaintiff was subjected to illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained and confined without any probable cause, privilege or consent.

55. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer physical, psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

56. As a result of defendants' impermissible conduct, plaintiff demands judgment against defendants in a sum of money to be determined at trial.

### FIFTH CLAIM FOR RELIEF: MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

57. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

58. At the aforementioned times and locations, plaintiff was detained and held under the imprisonment and control of the defendants, agents of the CITY OF PASSAIC.

59. Defendants commenced the criminal action against the Plaintiff in the absence of any probable cause that a crime had been committed.

60. Defendants commenced this criminal action out of malice.

61. The criminal action against Plaintiff has terminated in his favor.

62. That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

63. Any attendant criminal complaint or felony indictment that resulted was the product of fraud, perjury, the fabrication of evidence, or other police conduct enumerated above undertaken in bad faith.

64. That as a direct, sole and proximate result of the defendants' actions, plaintiff was caused to sustain economic damages, humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal reputation, inconvenience, fear and distrust of the police, and the disturbance and disruption of life. Plaintiff's loss of liberty and unconstitutional seizure of Plaintiff's financial assets.

### SIXTH CLAIM FOR RELIEF: VIOLATION OF THE NEW JERSEY CIVIL RIGHTS ACT N.J.S.A. 10:6-1 to 2

65. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

66. Defendants, under color of statute, ordinance, reputation, custom and usage have deprived and caused Plaintiff to be subjected to the deprivations of rights, privileges and immunities secured by the New Jersey Constitution and law of the State of New Jersey, including his right to liberty, his right to be secure as a person against unreasonable searches and seizures, his right to be free from unlawful detention, his right to be free from false arrest and imprisonment, his right to be free from excessive force, his right to

privacy, and his right to freedom of association secured to him by the New Jersey State Constitution.

67. At no time did the defendants have probable cause to believe Plaintiff had committed a crime on February 17, 2019.

68. Defendants, acting under color of state law, intentionally deprived Plaintiff of his civil rights by, inter alia, unlawfully seizing him, physically assaulting him, falsely arresting him, failing to intervene to prevent the unlawful acts against him, and violating his right to privacy.

69. Defendants' acts were done in knowing violation of Plaintiff's legal and constitutional rights and have caused Plaintiff to sustain significant damages, including physical and emotional injury, humiliation, mental pain and suffering, and emotional distress.

70. Defendants' deprivation of Plaintiff's civil rights violates the New Jersey Constitution and gives rise to Plaintiff's claims for redress under N.J.S.A. 10:6-1 et seq.

71. Based on the aforesaid conduct, defendants, acting under color of state law, deprived and interfered with the exercise or enjoyment of Plaintiff of the rights guaranteed to him by the New Jersey Constitution, including, but not limited to:

   a. The right to enjoy life and liberty;
   b. The right to pursue and obtain safety and happiness;
   c. The right to due process of law;
   d. The right to equal protection of the laws;
   e. The right to any other natural and unalienable right retained by the people;
   f. The right to privacy; and
   g. The right to be free of cruel and unjust punishment.

72. As a direct and proximate result of defendants' conduct and abuse of authority detailed above, Plaintiff sustained the damages herein alleged.

**SEVENTH CLAIM FOR RELIEF:**
**EXCESSIVE FORCE UNDER 42 U.S.C. § 1983 and**
**NEW JERSEY STATE LAW**

73. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

74. Defendant KOVAR placed his arm around the neck of plaintiff RAMI JALOUDI and restricted his breathing.

75. Defendant KOVAR placed his arm around the neck of plaintiff RAMI JALOUDI and restricted blood-flow to plaintiff's brain.

76. This restriction of air and/or blood caused plaintiff RAMI JALOUDI to lose consciousness.

77. Defendants detained plaintiff in the absence of probable cause that he had committed a crime.

78. Defendants were acting or purporting to act in the performance of their official duties.

79. In detaining plaintiff, defendants used force.

80. The force used was unreasonable and excessive.

81. Plaintiff was harmed as a result of the use of this force.

82. Defendants' use of force was a substantial factor in causing the harm to plaintiff.

83. As a result of the foregoing, plaintiff was caused to suffer physical, psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and her standing within his community.

**EIGHTH CLAIM FOR RELIEF:**

## VIOLATION NEW JERSEY STATE LAW 2A: 22A-4

84. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

85. Defendant THE BROWNSTONE breached their duty by negligently service of alcoholic beverages.

86. Defendant owed a duty of care to Plaintiffs as a member of the general public at their premises.

87. Defendants negligently caused emotional distress, psychological harm, physical injuries, and damage to plaintiffs.

88. The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws an Constitution of the state of New Jersey.

89. As a result of the foregoing, plaintiff was caused to suffer physical, psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

## NINTH CLAIM FOR RELIEF:
## NEGLIGENT SECURITY

90. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

91. Defendant THE BROWNSTONE breached their duty by providing not providing any security on their premises.

92. Defendant owed a duty of care to Plaintiffs as a member of the general public at their premises.

93. Defendants negligently caused emotional distress, psychological harm, physical injuries, and damage to plaintiffs.

94. The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws an Constitution of the state of New Jersey.

95. As a result of the foregoing, plaintiff was caused to suffer physical, psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and his standing within his community.

## **DESIGNATION OF TRIAL COUNSEL**

PLEASE TAKE NOTICE that attorney Christopher H. Fitzgerald is hereby designated as trial counsel in the above captioned litigation.

## **NOTICE OF UTILIZATION OF TIME-UNIT BASIS**

PLEASE TAKE NOTICE that Plaintiff intends to utilize the time-unit basis for calculating unliquidated damages in Plaintiff's closing statement to the jury and the Court.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants:

   a. Compensatory damages;
   b. Punitive damages;
   c. The convening and empaneling of a jury to consider the merits of the claims herein;
   d. Costs and interest and attorney's fees;
   e. Such other and further relief as this court may deem appropriate and equitable.

DATED:

New York, New York
February 17, 2020

                                                   Respectfully submitted,

**The Law Office of
Christopher H. Fitzgerald**
*Counsel for Plaintiff*

_____/s/_____
By: Christopher H. Fitzgerald, Esq.
233 Broadway, Suite 2348
New York , NY 10279
(212)226-2275